## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **DIAMOND HARRELL**<br>778 David Fairleigh Ct.<br>Louisville, KY 40217<br><br>        Plaintiff,<br><br>    v.<br><br>**IKEYLESS, LLC**<br>**d/b/a CAR KEYS EXPRESS**<br>12101 Sycamore Station Place, Suite 140<br>Louisville, KY 40299<br><br>        Defendant. | Civil Action No.: 3:24-cv-346-DJH<br><br>Judge: _____ |

## COMPLAINT WITH JURY DEMAND

Diamond Harrell ("Ms. Harrell" or "Plaintiff") states the following for her Complaint against IKEYLESS, LLC d/b/a Car Keys Express ("Car Keys Express" or "Defendant"):

### INTRODUCTION

1. This action arose after Defendant Car Keys Express engaged in discriminatory employment practices against a loyal employee who served the company without incident until she requested reasonable disability accommodations and requested FMLA leave. Defendant fosters an environment that discriminates against employees who exercise their rights under the FMLA and ADA and retaliates against employees who request reasonable accommodations for disabilities. Indeed, a day after Mr. Harrell was approved for FMLA leave, Defendant terminated her.

## PARTIES

2. Plaintiff Diamond Harrell is a resident of Louisville, Kentucky. Plaintiff's claims arose out of an employment relationship Car Keys Express in Louisville, Kentucky.

3. IKEYLESS, LLC d/b/a Car Keys Express is a Kentucky Limited Liability Company registered with the Kentucky Secretary of State doing business Jefferson County, Kentucky.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because Ms. Harrell asserts claims arising under the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA").

5. Ms. Harrell also states claims under the laws of the Commonwealth of Kentucky. These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

6. Venue is proper in this Court because most of the transactions and occurrences and injuries occurred in Jefferson County, Kentucky.

## BACKGROUND FACTS

7. Ms. Harrell began working for Defendant in 2021 as a Data Entry Specialist.

8. At all relevant times, Ms. Harrell was qualified for her position and was able to perform all essential job functions.

9. Ms. Harrell suffers from Severe ADHD, Bipolar 1, Anxiety, Major Depression, and Schizoaffective Disorder.

10. This substantially limits her ability to perform her job and substantially impacted Ms. Harrell's other major life functions.

11. Ms. Harrell has difficulty focusing, retaining memories, managing time-sensitive activities, and has difficulty performing other simply daily tasks due to her conditions.

12. In 2022, Ms. Harrell's doctor recommended that she inform her employer of her disability so that they may provide additional support through ADA benefits.

13. Defendant approved Ms. Harrell's request for ADA and granted her limited work accommodations.

14. In 2023, after receiving ADA accommodations, Ms. Harrell requested to transition from ADA to FMLA so that she would be granted additional protections in the event she needed to take more time off than the ADA allows.

15. Ms. Harrell was granted Intermittent FMLA leave.

16. During this period Ms. Harrell's conditions became much more severe due to a national shortage of the medications she required on a daily basis.

17. Ms. Harrell informed her supervisor Jason Stivers and HR representative Bridget Wilson of the situation, and that she was actively working with her psychiatrist to resolve it.

18. Despite this knowledge Mr. Stivers reprimanded Ms. Harrell for not meeting her productivity goals on three occasions.

19. Following each reprimand, Ms. Harrell requested additional feedback to know what exactly she can do to improve her numbers.

20. Ms. Harrell also inquired whether her productivity goals took her disability into account.

21. Both of these inquiries were met with no response from Mr. Stivers.

22. Following these reprimands, Ms. Harrell requested additional accommodations so that she can properly perform her job duties.

23. Mr. Stivers responded to this request with hostility, telling Ms. Harrell to improve her productivity first and then they can talk.

24. Feeling that her job may be in peril, Ms. Harrell contacted Defendant's HR representative Bridget Wilson to complain that she was not being given reasonable accommodations.

25. No corrective action was taken by Defendant's HR department in response to Ms. Harrell's complaint.

26. Ms. Wilson told Ms. Harrell that she would receive updates on the situation.

27. Ms. Harrell never received any updates regarding her complaint that she was being denied reasonable accommodations.

28. Despite being denied additional accommodations Ms. Harrell continued to perform her job duties and was even informed by Mr. Stivers that her productivity had improved.

29. In July of 2023 Ms. Harrell's psychiatrist recommended that she go on Continuous FMLA leave so she can be established with a new therapist and participate in an intensive outpatient program to treat her disability.

30. Ms. Harrell complied with all administrative prerequisites and applied for FMLA leave on July 24, 2023.

31. Defendant granted Ms. Harrell's request for Continuous FMLA leave on July 26, 2023.

32. On July 27, 2023, Defendant terminated Ms. Harrell for a minor infraction which was caused by a technical issue out of her control.

33. Therefore, the day after being granted FMLA leave, Defendant terminated Ms. Harrell.

34. Defendant's reason for terminating Ms. Harrell is bogus.

35. Ms. Harrell has suffered injuries and will continue to suffer them in the future because of Defendant's actions.

## CLAIMS

### COUNT I
### FMLA Interference Under 29 U.S.C. §2615

36. Ms. Harrell restates and incorporates all paragraphs.

37. Ms. Harrell was qualified for FMLA leave and Defendant is an employer covered by the FMLA's regulations.

38. Ms. Harrell suffers from Severe ADHD, Bipolar 1, Anxiety, Major Depression, and Schizoaffective Disorder.

39. Because of her severe conditions Ms. Harrell was temporarily unable to perform the functions of her job.

40. Ms. Harrell's health conditions were serious and required time to regulate under her psychiatrist and therapist's supervision.

41. Ms. Harrell's psychiatrist believed that Intermittent FMLA, and Continuous FMLA leave would allow Ms. Harrell to be treated for her disability.

42. In addition, FMLA leave was needed because Ms. Harrell needed to time off to meet with her psychiatrist and therapist to treat her disability.

43. Ms. Harrell informed Defendant of her disability and requested FMLA leave.

44. Ms. Harrell provided Defendant with paperwork from her psychiatrist verifying her need to take FMLA leave.

45. Defendant did not like that Ms. Harrell took FMLA leave.

46. Defendant reprimanded Ms. Harrell three times while she was on Intermittent FMLA leave.

47. The reasons Defendant reprimanded Ms. Harrell for all relate to her disability.

48. When Defendant terminated her, Ms. Harrell had not begun FMLA leave.

49. Thus, Defendant interfered with and restrained Ms. Harrell's attempt to exercise Intermittent FMLA leave, and Continuous FMLA leave.

50. Defendant's actions were malicious and in a conscious disregard of the rights of Ms. Harrell.

51. Ms. Harrell suffered damages and will continue to suffer damages in the future because of Defendant's interference with his rights to take FMLA leave.

52. Ms. Harrell is entitled to all damages, compensatory damages, attorneys fees, costs, punitive damages, and injunctive relief permissible under the FMLA.

## COUNT II
### FMLA Retaliation and Discrimination under 29 U.S.C. §2614-15

53. Ms. Harrell restates and incorporates all paragraphs.

54. Ms. Harrell suffers from Severe ADHD, Bipolar 1, Anxiety, Major Depression, and Schizoaffective Disorder.

55. Because of her severe conditions, Ms. Harrell was temporarily unable to perform the functions of her job.

56. Ms. Harrell notified Defendant of the serious health condition that made her temporarily unable to perform her essential job functions.

57. Ms. Harrell was qualified for FMLA leave.

58. Defendant retaliated against Ms. Harrell for requesting and taking FMLA leave.

59. Defendant did not like that Ms. Harrell took FMLA leave.

60. Each time Ms. Harrell requested FMLA leave, she was met with extreme hostility.

61. For example, Defendant reprimanded her three times after she requested Intermittent FMLA leave.

62. Each reprimand was related to the effects of Ms. Harrell's disability.

63. Defendant fosters an environment that highly frowns upon employees taking FMLA leave.

64. Defendant terminated Ms. Harrell the day after she was granted Continuous FMLA leave.

65. Defendant terminated Ms. Harrell because she exercised his rights under the FMLA.

66. Defendant's actions were malicious and in a conscious disregard of the rights of Ms. Harrell.

67. Ms. Harrell suffered damages and will continue to suffer damages because of Defendant's retaliation and discrimination.

68. Ms. Harrell is entitled to all damages, compensatory damages, attorneys fees, costs, punitive damages, and injunctive relief permissible under the FMLA.

## COUNT III
### Disability And Perceived Disability Discrimination Under KRS §344

69. Ms. Harrell restates and incorporates all paragraphs.

70. Ms. Harrell has disability or perceived disability because her condition limits at least one major life activity.

71. Ms. Harrell was fully qualified for her position, and she could perform all the

essential functions of the position.

72. Defendant was aware of Ms. Harrell's disability or perceived disability.

73. Defendant discriminated against Ms. Harrell because of her disability.

74. Defendant terminated Ms. Harrell because it did not want to accommodate her disability.

75. Ms. Harrell suffered an adverse employment action because of her disability or perceived disability.

76. Because of Defendant's discrimination, Ms. Harrell has suffered and will continue to suffer both economic and non-economic harm.

77. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Harrell.

## COUNT III
### Failure To Accommodate Disability
### Under KRS §344

78. Ms. Harrell restates and incorporates all paragraphs.

79. Ms. Harrell has disability or perceived disability because her condition limits at least one major life activity.

80. Ms. Harrell informed Defendant that he would need work accommodations due to her disability or perceived disability.

81. Ms. Harrell was fully qualified for her position, and she could perform all the essential functions of the position.

82. Defendants had to duty accommodate Ms. Harrell and allow her to perform limited job duties until she recovered.

83. Defendant's termination of Ms. Harrell based on her disability or perceived disability and Defendant's failure to make an individualized assessment to determine whether Ms. Harrell could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated 29 U.S.C. §2615.

84. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Harrell.

85. As a direct and proximate result of the discrimination and failure to accommodate, Ms. Harrell has sustained, and will continue to sustain, economic, and emotional injuries.

86. As a result of Defendant's actions, Ms. Harrell has been harmed.

**WHEREFORE**, Ms. Harrell respectfully requests that this Court find for her and award her the following:

   a. Compensatory damages;

   b. Reinstatement;

   c. Lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions;

   d. Statutory damages;

   e. Interest;

   f. Punitive damages;

   g. Attorney fees;

   h. Costs;

   i. Litigation expenses; and

   j. All other relief this Court deems proper.

Respectfully Submitted,

**/s/ Robert L. Thompson**
Robert L. Thompson (KY: 98791)
THOMPSON LEGAL LLC
10529 Timberwood Circle, Unit B
Louisville, Kentucky 40223
P: 502-366-2121
F: 502-438-9999
Robert@RthompsonLegal.com

## **Jury Trial**

Plaintiff demands a jury on all triable issues.

**/s/ Robert L. Thompson**
Robert L. Thompson (KY: 98791)